UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X

CHESTER JOHNSON,

                      Petitioner,          **REPORT & RECOMMENDATION**
                                                          **08-CV-733 (SLT) (LB)**

     -against-

SUPERINTENDENT BEHRLE,

                      Respondent.

-------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

     This matter was referred to me for Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that this *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed as the Court lacks subject matter jurisdiction.

## BACKGROUND

     In 1993, Chester Johnson, a/k/a Chester Davidson (hereinafter "petitioner"), was convicted of Manslaughter in the First Degree and sentenced to an indeterminate term of imprisonment of six to eighteen years. He was conditionally released to parole supervision on December 29, 2003.[1] On March 28, 2004, petitioner punched Rickey Williams (hereinafter "Williams") five or six times in the face, knocking him down (Notice of Motion to Vacate Judgment, Exhibit C). As Williams lay on his back, petitioner proceeded to jump on top of him and punch him repeatedly in the face. Id. On April 10, 2004, petitioner had another fight with

---

[1] The manslaughter conviction is not the subject of the instant petition.



Williams, and Williams' brother Randy Williams, during which petitioner struck both brothers with his fists and a stick with a nail in it. See Matter of Davidson v. New York State Division of Parole, 34 A.D.3d 998 (3d Dept 2006); Respondent's Affidavit in Opposition to Petition for a Writ of Habeas Corpus at 2. For his acts on March 28, 2004 and April 10, 2004, petitioner was charged with one count of Attempted Assault in the First Degree (N.Y. Penal Law § 110/120.10[1]), two counts of Assault in the Second Degree (N.Y. Penal Law § 120.05[2]), two counts of Assault in the Third Degree (N.Y. Penal Law § 120.00[1]), one count of Criminal Possession of a Weapon in the Fourth Degree (N.Y. Penal Law § 265.01[2]), and one count of Harassment in the Second Degree (N.Y. Penal Law § 240.26[1]) (Notice of Motion to Vacate Judgment, Exhibit A). Based on the alleged assault that took place on April 10, 2004, petitioner's parole from his 1993 manslaughter conviction was revoked. See Matter of Davidson, 34 A.D.3d 998.

Petitioner was tried by a jury for the assaults and on December 15, 2004, petitioner was convicted of Assault in the Third Degree based upon the March 28, 2004 event. The jury acquitted petitioner of all counts relating to the alleged assault on April 10, 2004. On December 15, 2004, the court sentenced petitioner to a term of imprisonment of one year. At sentencing, defense counsel noted that petitioner had been incarcerated for eight months pending trial. Records from the New York City Department of Corrections reflect that petitioner was incarcerated from April 11, 2004 to April 14, 2004, following his arrest for the April 10, 2004 assault, and from May 5, 2004 to January 7, 2005, following his indictment under Kings County Indictment Number 2274/2004 (Respondent's Affidavit in Opposition to Petition for a Writ of Habeas Corpus, Exhibit A). Two letters from the State of New York Department of Correctional

Services, one addressed to the Kings County District Attorney and one addressed to petitioner, also reflect that petitioner was incarcerated from May 5, 2004 to January 18, 2005. The letters show that petitioner was held on both Kings County Indictment Number 2274/2004 and a New York State Division of Parole Warrant (hereinafter "parole warrant"). When petitioner was sentenced to a term of one year on December 15, 2004 on Kings County Indictment Number 2274/2004, he was credited with eight months jail time. As such, his sentence for his 2004 assault conviction expired on January 7, 2005. After that time, petitioner was held in custody exclusively on the parole warrant. On January 18, 2005, petitioner was transferred to New York State Department of Correctional Services as a parole violator (Respondent's Affidavit in Opposition to Petition for a Writ of Habeas Corpus, Exhibit B). Petitioner remains in custody at Greene Correctional Facility in Coxsackie, New York.

## PROCEDURAL HISTORY

Petitioner appealed his conviction for assault under Kings County Indictment Number 2274/2004. On appeal, petitioner claimed that the evidence against him was legally insufficient to support his conviction because the complainant's testimony was not credible as a matter of law. On December 12, 2006, the Appellate Division, Second Department, rejected petitioner's argument and affirmed his conviction. The court held petitioner's legal sufficiency claim was unpreserved, without merit, and that the verdict was supported by the weight of the evidence. People v. Johnson, 35 A.D.3d 630 (2d Dept 2006). Petitioner's request for leave to appeal to the New York Court of Appeals was denied on March 23, 2007. People v. Johnson, 8 N.Y.3d 921 (2007).

On April 23, 2007, petitioner moved to vacate his conviction pursuant to New York

Criminal Procedure Law 440.10. Petitioner made numerous claims, including the claims he raised on direct appeal. On July 25, 2007, the court denied petitioner's motion. The court found that the Appellate Division, Second Department, had already rejected petitioner's legal sufficiency claims and that the balance of the claims were procedurally barred from review on a collateral motion to vacate judgment. On October 16, 2007, petitioner was denied leave to appeal his motion by the Appellate Division, Second Department.

On December 10, 2007, petitioner filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, raising the same claims he raised on direct appeal, the same claims he raised in his motion to vacate judgment, and a new claim: ineffective assistance of appellate counsel.

## DISCUSSION

The issue in this case is whether petitioner was "in custody" at the time he filed the instant petition pursuant to the conviction he challenges herein. If petitioner was not in custody pursuant to the 2004 assault conviction, the conviction under attack at the time he filed the instant petition, then the petition must be dismissed, as this Court would be without subject matter jurisdiction.

Petitioner filed the instant petition seeking a writ of habeas corpus under 28 U.S.C. § 2254, which requires "a person in custody pursuant to the judgment of a State court [to demonstrate]...that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). The Supreme Court has interpreted the statutory language as "requiring the habeas petitioner to be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-491 (1989). A habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has *fully expired* at

the time the petition is filed. See Id. at 491; Simpson v. Artuz, 860 F.Supp. 156, 157 (S.D.N.Y. 1994).

In this case, petitioner was not "in custody" for the 2004 assault conviction at the time the instant petition was filed. Petitioner filed the instant petition on December 10, 2007 and attacks, on numerous grounds, his December 15, 2004 assault conviction. Following his conviction for the March 28, 2004 assault, petitioner was sentenced to one year imprisonment. As mentioned previously, petitioner was credited for having served eight months in prison and, as such, he completed his sentence for his December 15, 2004 assault conviction on January 7, 2005 (Respondent's Affidavit in Opposition to Petition for a Writ of Habeas Corpus, Exhibit B). Following the expiration of the sentence for the December 15, 2004 conviction, petitioner remains in custody solely for violating his parole on his 1993 manslaughter conviction. Id. Therefore, petitioner was not "in custody" pursuant to the 2004 assault conviction at the time the instant petition was filed in 2007.

While a prior expired conviction may be subject to challenge in the attack upon a current sentence if the prior expired conviction was used to enhance the current sentence, Lackawanna County District Attorney v. Cross, 532 U.S. 394, 402 (2001), that principle does not apply here. The prior manslaughter conviction in 1993 was not used to enhance petitioner's sentence on the 2004 assault conviction. Thus, the one year sentence that petitioner challenges herein expired on January 7, 2005. This one year sentence was *solely* the result of petitioner's conviction for the March 28, 2004 assault. However, petitioner is currently in custody for violating the terms of his parole arising from his 1993 manslaughter conviction based on his April 10, 2004 arrest for assault.

In April 2004, after he was arrested and charged with the crime of assaulting an acquaintance with a nail-embedded stick, petitioner was also charged with violating the conditions of his parole that forbade him from threatening the well-being of others and from possessing an instrument readily capable of causing injury. After a final revocation hearing, the Administrative Law Judge sustained the charges, revoked petitioner's parole and recommended that he be held until the maximum expiration date of his sentence.

See Brief in Opposition to Petition for a Writ of Habeas Corpus at 2-3 (citing to Matter of Davidson, 34 A.D.3d at 998). Thus, petitioner's expired assault conviction, which he challenges in the instant petition, is not the basis for his current parole violation sentence.

Moreover, petitioner is not in custody pursuant to another conviction that is positively and demonstrably related to the conviction he attacks. Charnock v. Herbert, 60 F.Supp.2d 91, 98 (W.D.N.Y. 1999); Carter v. Nassau County Court, No. 91 CV 3260, 1992 WL 79318 (E.D.N.Y. Apr. 9, 1992); Ritstau v. Kirk, 671 F.Supp. 955, 958 (E.D.N.Y. 1987). Petitioner is currently incarcerated for violating the terms of his parole from his 1993 manslaughter conviction based on his April 10, 2004 arrest for assault. The 1993 manslaughter conviction is not positively and demonstrably related to the 2004 assault conviction under attack in the instant petition for a writ of habeas corpus. Thus, while petitioner "is still 'in custody' because of his parole term, this custody is not related to the challenged conviction." Ristau, 671 F.Supp. at 959.

## CONCLUSION

Accordingly, the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be dismissed as petitioner is not "in custody" pursuant to the conviction he challenges. As petitioner is in custody for his violation of the terms of his parole predicated on his 1993 manslaughter conviction, this Court lacks subject matter jurisdiction over the instant petition.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Any objections to this Report and Recommendation must be filed with the Clerk of Court, in writing, within ten (10) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72. Any request for an extension of time to file objections must be made within the ten (10) day period. Failure to file a timely objection to this Report generally waives any further judicial review. DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000); Spence v. Superintendent, Great Meadow Corr. Fac., 219 F.3d 162, 174 (2d 2000); see Thomas v. Arn, 474 U.S. 140, 155 (1985).

SO ORDERED.

/s/ LOIS BLOOM
United States Magistrate Judge

Dated: June 16, 2009
Brooklyn, New York